IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Haleifu Goldsmith, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:22-cv-03169-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden R. S. Dunbar, *Warden FCI Williamsburg*, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Haleifu Goldsmith ("Petitioner"), a federal prisoner proceeding *pro se*, filed this Petition for Writ of Habeas Corpus on September 16, 2022. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Second Report and Recommendation ("Report"),[1] recommending that the Petition be dismissed without prejudice for lack of jurisdiction and without requiring Respondent to file a return. (ECF No. 23). Petitioner was advised of his right to file objections to the Report. *Id*. at 12. However, Petitioner has filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200

---

[1] The court declined to adopt the magistrate judge's first Report and Recommendation (ECF No. 13) based on Petitioner's subsequent motion (ECF No. 18) to hold this case in abeyance pending the United States Supreme Court's ruling in *Jones v. Hendrix*, No. 21-857. (ECF No. 20). The court returned the case to the magistrate judge for additional consideration of Petitioner's claims in light of the *Jones* case, *see id*., resulting in the instant second Report.

(4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 23), and incorporates it herein. Accordingly, the court finds that it does not have jurisdiction to consider the Petition because Petitioner cannot satisfy the § 2255 savings clause. Thus, the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED without prejudice,** and Respondent need not file a return thereto.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

　　　　**IT IS SO ORDERED.**

                                        s/Timothy M. Cain
                                        United States District Judge

Anderson, South Carolina
February 14, 2023